Filed 11/27/23  In re S.Z. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re S.Z. et al., Persons Coming Under the Juvenile Court Law. | C098304 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY, | (Super. Ct. No. STK-JD-DP-2022-0000182) |
| Plaintiff and Respondent, | |
| v. | |
| J.Z., | |
| Defendant and Appellant. | |

J.Z. (father), father of five minors, ranging in ages from seven years old to six months old (the minors), appeals from the juvenile court's findings and orders terminating reunification services as to father.  (Welf. & Inst. Code, §§ 300, 395.)[1]

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

1

Father's sole contention on appeal is that we must remand for further Indian Child Welfare Act (ICWA) compliance because the initial inquiry by the San Joaquin County Human Services Agency (Agency) was insufficient. (25 U.S.C. § 1901 et seq.; § 224.2.) Because the ICWA issue is premature, we will dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

Because the issue on appeal is limited to ICWA compliance, we dispense with a detailed recitation of the underlying facts and procedure. It suffices to note that on May 31, 2022, the minors were taken into protective custody by the Agency, and on June 2, 2022, the Agency filed a petition alleging that the minors came within section 300, subdivision (b)(1), failure to protect, after the second oldest minor, then five years old, was hospitalized and tested positive for methamphetamine and marijuana. Subsequently, at the August 30, 2022 jurisdictional/dispositional hearing, the juvenile court took jurisdiction over the minors and ordered that reunification services be provided to father and mother.[2]

The detention report indicated that the investigating social worker asked father and mother about possible Native American ancestry, and both parents denied any Native American ancestry. Subsequently, both parents provided parental notification of Indian status (ICWA-020) forms, asserting they had no Native American ancestry. The Agency's reports reflect that it identified several of the minors' relatives and communicated with at least the maternal grandmother, but the reports do not indicate whether the Agency inquired with any of these extended family members about the minors' potential Native American ancestry. On May 30, 2022, the Agency inquired of both parents regarding Native American ancestry, noted that the parents reported that they did not have any such ancestry, and reported there was no reason to believe that the

_____

[2] Mother is not a party to this appeal.

2

minors were Indian children within the meaning of the ICWA. The applicability of the ICWA was not addressed at any subsequent proceedings, and the juvenile court has not yet made any finding regarding the applicability of the ICWA.

The Agency's February 9, 2023 status review report showed no change in the previously reported ICWA status but reported that an absent parent locater was filed for father, who was incarcerated following his arrest pursuant to Penal Code section 273a, cruelty to a child. The Agency noted that father had made minimal progress in his case plan, father would remain incarcerated at the time of the next review hearing, and the youngest minor was under three years old. Accordingly, the Agency recommended terminating father's reunification services. At the March 29, 2023 contested dependent review hearing, following testimony and argument, the juvenile court adopted the proposed findings and orders in the Agency's report and ordered reunification services terminated as to father and continued as to mother.

## DISCUSSION

Father contends that the Agency failed to comply with the inquiry and notice requirements of the ICWA despite a reason to believe the minors were Indian children. We decline father's invitation to assess the current adequacy of the ICWA findings because the juvenile court has not yet made its final ICWA ruling, and the issue is therefore premature.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (See 25 U.S.C. § 1902; *In re Levi U.* (2000) 78 Cal.App.4th 191, 195-196.) A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' (25 U.S.C. § 1901(3).)" (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe

3

and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

As we recently explained, where the juvenile court has not yet made a final ICWA ruling at or before the challenged dispositional hearing as to whether the ICWA applied to the proceedings, the issue is not yet ripe for review and a parent's challenge is premature. (*J.J. v. Superior Court* (2022) 81 Cal.App.5th 447, 461.) Because "any perceived deficiencies with ICWA inquiry and noticing may still be resolved during the normal course of the ongoing dependency proceedings," we reject father's invitation to assess their current adequacy. (*Ibid.*; see also *In re M.R.* (2017) 7 Cal.App.5th 886, 904 [ICWA claim was premature where no final ICWA ruling made at dispositional hearing].)

DISPOSITION

The appeal is dismissed.

      /s/                 
BOULWARE EURIE, J.

We concur:

     /s/             
HULL, Acting P. J.

     /s/             
MESIWALA, J.